UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Scott Michaels,**
Plaintiff,

v.

**United States Patent and Trademark Office;**
**Kathi Vidal, in her official capacity as Director of the USPTO,**
Defendants.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND MANDAMUS**

---

PRELIMINARY STATEMENT

This action challenges the United States Patent and Trademark Office's ("USPTO") unlawful withholding and unreasonable delay in examining Plaintiff's trademark applications and its arbitrary suspension of related proceedings before the Trademark Trial and Appeal Board ("TTAB").

The USPTO's conduct violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), and 706(2), and warrants relief in the form of mandamus under 28 U.S.C. § 1361 to compel immediate agency action.

The USPTO's delays and procedural irregularities have caused measurable economic harm, including the suppression of four active Regulation CF crowdfunding campaigns, each targeting $5 million in community investment for historic U.S. soccer clubs.

**Time is of the essence.** The 2026 FIFA World Cup — the largest sporting event in U.S. history — is less than a year away. USPTO's multi-year delay has already caused Plaintiff to miss critical funding and partnership windows. If trademarks remain unexamined, Plaintiff and his investors will lose their only chance to capitalize on this once-in-a-generation commercial opportunity.

---

JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. §§ 702, 704, and 706 (APA review), and 28 U.S.C. § 1361 (Mandamus).

Venue is proper in this District under 28 U.S.C. § 1391(e), because a substantial part of the events giving rise to this action occurred in this District. Specifically,

Plaintiff's economic harm is tied to the disputed revival of the New York Cosmos brand, a matter centered in New York; related litigation against Mediacom Communications Corporation, headquartered in this District; and investor suppression within New York resulting from USPTO's delay and suspension of Plaintiff's trademark matters.

## PARTIES

Plaintiff **Scott Michaels** is founder and CEO of Football Is For The Fans, Inc., applicant for multiple U.S. soccer-related trademarks including NATIONAL SOCCER LEAGUE™, NEW YORK COSMOS FC™, CHICAGO STING™, WASHINGTON DIPLOMATS™, and LOS ANGELES AZTECS™.

Defendant **United States Patent and Trademark Office** is a federal agency within the Department of Commerce.

Defendant **Kathi Vidal** is the Director of the USPTO and is sued in her official capacity.

## FACTUAL BACKGROUND

### A. USPTO Delays and Suspensions

Plaintiff filed more than 17 trademark applications between 2022 and 2025. Many have been pending for over three years, despite USPTO's published target of six months for first examination.

On July 9, 2025, the TTAB issued suspension orders in three of Plaintiff's active cancellations — Nos. **92088618, 92088620, and 92088873** — each entered on the same day (ENO 5 in each docket), within hours of Dentons LLP, counsel for Cosmos Soccer Club LLC, filing motions to dismiss.

The simultaneity and uniformity of these suspensions created an appearance of bias and deprived Plaintiff of a fair opportunity to prosecute his claims of abandonment and fraud.

Plaintiff's only remaining active cancellation, **No. 92089013**, was later suspended at Plaintiff's own request — not as a matter of litigation strategy, but because USPTO's inconsistent handling of related proceedings made prosecution impossible.

As a result, all four of Plaintiff's TTAB matters are now frozen — three by TTAB's own action, one by necessity — collectively denying Plaintiff timely adjudication of his claims.

### B. Crowdfunding Suppression

In 2025, Plaintiff launched four Wefunder Regulation CF crowdfunding campaigns for **Atlanta Chiefs™, Washington Diplomats™, Chicago Sting™, and Los Angeles Aztecs™**, each targeting $5 million in community investment.

Unless and until Plaintiff's trademarks are examined and secured, meaningful fundraising cannot proceed. Both prospective investors and counsel made clear that the USPTO's delays created fatal uncertainty: without confirmation of trademark rights, the campaigns could not close.

As a result, despite early investor interest, USPTO's refusal to act on the applications directly suppressed capital formation. Collectively, these campaigns represented **$20 million in blocked investment** that could have funded fan-owned soccer clubs ahead of the 2026 FIFA World Cup.

### C. Bad-Faith Third-Party Filings (Admiral Sportswear).

USPTO's delay has emboldened opportunistic third parties. On June 16, 2025, Admiral Sportswear's counsel asserted UK rights to NASL despite no prior use and threatened defamation; . This demonstrates the market distortion and investor chill caused by USPTO's prolonged inaction.

### D. Related Litigation Against Mediacom

Plaintiff is simultaneously prosecuting federal litigation in this District against **Mediacom Communications Corporation**, the financial backer of Cosmos Soccer Club LLC, alleging trademark infringement, commercial interference, and suppression of commerce.

The TTAB cancellations, the Mediacom litigation, and this APA/Mandamus action are inextricably linked. Each arises from the same nucleus of facts: the disputed ownership of the COSMOS mark, USPTO's failure to timely examine Plaintiff's applications (e.g., NEW YORK COSMOS FC™), and procedural irregularities that have systematically prejudiced Plaintiff.

### E. FOIA Obstruction and Escalation

On August 15, 2025, Plaintiff issued a **Formal Notice of Procedural Irregularities** to USPTO demanding Yes/No answers regarding outside communications with Dentons LLP and Cosmos Soccer Club LLC, the authorization of the July 9 suspensions, and the unexplained three-year examination delays.

USPTO failed to respond within seven days. Prior FOIA Request F-25-00019 had already been denied in January 2025 under exemptions (b)(5) and (b)(6), despite

discovery not yet commencing.

The timeline of obstruction is clear:

- November 25, 2024 – FOIA fee barrier imposed ($3,258.52).
- January 14, 2025 – FOIA denial issued.
- July 9, 2025 – three TTAB suspensions executed within hours of Dentons' filings.

### F. Illustrative Downstream Harm (USSF and FIFA)

USPTO's delays have enabled rival entities to exploit contested marks. For example, on July 27, 2025, Plaintiff filed a complaint to FIFA and USSF noting that Cosmos Soccer Club LLC — a shell entity with no roster, cap table, or license rights — was relaunching the Cosmos brand at Hinchliffe Stadium, a taxpayer-funded venue.

Despite notice, USSF took no action. Hinchliffe Stadium continues to host Cosmos-branded commercial activity.

Separately, in August 2025, FIFA itself published a feature article celebrating the Cosmos' 2026 return and promoting Giuseppe Rossi as "Head of Soccer." This public legitimization occurred while Plaintiff's marks sat unexamined and his TTAB cancellations were frozen.

These examples illustrate the **downstream harm caused by USPTO's delay**: while Plaintiff is locked out of discovery and examination, rivals exploit contested IP and global institutions legitimize them.

### G. Public Petition and Awareness

In August 2025, Plaintiff launched a Change.org petition titled *"Expose USPTO's Injustice: End Bureaucratic Delays That Are Choking Soccer's Future."* The petition highlighted how USPTO's multi-year delays have suppressed fan-ownership, investment, and soccer growth ahead of the 2026 FIFA World Cup. Its traction demonstrates that the harm is not private but of public concern.

## CLAIMS FOR RELIEF

**Count I – APA: Unreasonable Delay (5 U.S.C. § 706(1))**
Defendants have unlawfully withheld and unreasonably delayed examination of Plaintiff's trademark applications for more than three years.

**Count II – APA: Arbitrary and Capricious Action (5 U.S.C. § 706(2))**

USPTO's coordinated suspensions of TTAB proceedings without individualized reasoning constitute arbitrary and capricious agency action.

### Count III – Mandamus (28 U.S.C. § 1361)

Plaintiff seeks a writ compelling USPTO to act on pending applications and to account for procedural irregularities surrounding TTAB suspensions.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare USPTO's delays unlawful under the APA;
B. Order USPTO to examine all pending trademark applications filed by Plaintiff within **30 days**;
C. Direct that all TTAB cancellation proceedings involving Plaintiff remain suspended pending the outcome of this action, subject to judicial oversight;
D. Compel USPTO to produce all non-privileged communications and records concerning Plaintiff's marks and related proceedings, including any contact with **parties of record and directly related third parties**;
E. Require USPTO to produce a Vaughn Index for any withheld FOIA materials;
F. Award costs and fees under the Equal Access to Justice Act (EAJA) and FOIA;
G. Grant such other relief as the Court deems just, including expedited discovery into USPTO's coordination with parties of record and directly related third parties;
H. **Direct that this matter be treated on an expedited basis given the imminent 2026 FIFA World Cup and the irreversible commercial harm caused by USPTO's delays.**

Respectfully submitted,

/s/ Scott Michaels

Scott Michaels

Pro Se Plaintiff

C/O Football Is For The Fans

Suite A, 82 James Carter Road

Mildenhall, IP28 7DE, United Kingdom

Email: scottmatchmaker@gmail.com

Phone: +44 7817 623944

Dated: August 24, 2025

**Exhibit List**

**Exhibit A** – Admiral Sportswear Letter (16 June 2025)
Letter from Admiral Sportswear's attorneys (Wilson Gunn) asserting ownership of NASL marks in the UK, despite admitting no prior use and threatening defamation. Evidence of **bad-faith opportunism enabled by USPTO delay**.

**Exhibit B** – Change.org Petition (August 2025)
"Expose USPTO's Injustice: End Bureaucratic Delays That Are Choking Soccer's Future." Demonstrates **public concern** and recognition of USPTO's harmful delays.

**Exhibit C** – TTAB Docket 92089013 (USPTO TTABVUE)
Procedural record showing suspension of Plaintiff's active cancellation proceeding, evidencing **irregular handling** by USPTO.

**Exhibit D** – TTAB Docket 92088618 (USPTO TTABVUE)
Suspension order entered July 9, 2025 (ENO 5). First of three **coordinated "triple suspensions"** issued within hours of Dentons' filings.

**Exhibit E** – TTAB Docket 92088620 (USPTO TTABVUE)
Suspension order entered July 9, 2025 (ENO 5). Second of the **triple suspensions**.

**Exhibit F** – TTAB Docket 92088873 (USPTO TTABVUE)
Suspension order entered July 9, 2025 (ENO 5). Third of the **triple suspensions**.

**Exhibit G** – Wefunder Campaign Pages (2025)

1. Atlanta Chiefs™
2. Washington Diplomats™
3. Chicago Sting™
4. Los Angeles Aztecs™
   Evidence of four **suppressed $5M Regulation CF campaigns** ($20M total) blocked by USPTO delay.

**Exhibit H** – Formal Complaint to FIFA & USSF (27 July 2025)
Email documenting Cosmos Soccer Club LLC's unauthorized relaunch at Hinchliffe Stadium, evidencing **downstream harm** and USSF/FIFA inaction.

**Exhibit I** – FIFA Article: Giuseppe Rossi / Cosmos Relaunch (8 August 2025)
Official FIFA publication celebrating Cosmos' 2026 return, legitimizing disputed IP while Plaintiff's marks remain unexamined. Evidence of **global harm from USPTO delay**.

**Exhibit J** – Formal Notice to USPTO (15 August 2025)
Email to Director Vidal and FOIA Office outlining **denied FOIA requests, three-year examination delays, and July 9 suspensions**.